**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HAROLD SPENCER, *et al.*, )<br>　　　　　Plaintiffs, )<br>　v. )<br>CRANBERRY TOWNSHIP, *et al.,* )<br>　　　　　Defendants. ) | Civil Action No. 1:09-cv-35-SJM |

## MEMORANDUM ORDER

　　　This civil action arose out of an incident in which the Plaintiffs Harold and Twila Spencer, both residents of Cranberry Township, were cited for alleged violations of the Cranberry Township Building Permit Ordinance. After Plaintiffs received an adverse ruling by a Magisterial District Judge, they appealed the matter to the Venango County Court of Common Pleas, which dismissed the citations. This action followed in which Plaintiffs have named Cranberry Township and two township officials – Terry Ray and James Greenfield – as Defendants. Plaintiffs have asserted a state law claim for malicious prosecution under Pennsylvania law as well as a federal claim under 42 U.S.C. § 1983 for the alleged violation of their federal civil rights.

　　　On February 19, 2010, this Court entered a Memorandum Opinion and Order [17] granting in part and denying in part the Defendants' motion to dismiss the claims against them. This Court denied the Defendants' motion relative to the Plaintiffs' state law malicious prosecution claim against Defendants Ray and Greenfield to the extent those Defendants were being sued in their individual capacities for alleged malicious and willful misconduct. The Court granted the Defendants' motion relative to the Plaintiffs' federal § 1983 claims with the following proviso: that, with respect to the Plaintiffs' First Amendment claim based upon the Defendants' alleged retaliation against their son, Randy J. Spencer, for *his* protected speech, the dismissal of such

claim was without prejudice and the Plaintiffs would have the opportunity to file an amended complaint alleging their third-party standing to assert such a claim, to the extent they could do so consistent with the principles set forth in the Court's Memorandum Opinion and the mandates of Federal Rule of Civil Procedure 11.  In all other respects, the Plaintiffs' § 1983 claim was dismissed with prejudice.

The deadline for repleading, as set forth in the Court's February 19, 2010 order, was March 5, 2010.  To date, Plaintiffs have not elected to replead their First Amendment claim based upon the Defendants' alleged retaliation against their son. Accordingly, the only claim now pending before this Court is the Plaintiffs' claim under Pennsylvania state law for alleged malicious prosecution.

As the parties here are not diverse for purposes of 28 U.S.C. § 1332, the Court's sole basis of jurisdiction over this claim is 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." *Id*. at § 1367(c)(3).  *See  Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) (once the District Court dismissed the plaintiff's federal claims, leaving only the state claim, the prerequisites for § 1367(c)(3) were met).  Accordingly, as there are presently no federal claims pending before the Court in this matter, the Court declines to exercise supplemental jurisdiction over the remaining state law claim for malicious prosecution and that cause of action will be dismissed without prejudice.  The following order is therefore entered:

AND NOW, *to wit*, this 8th day of March, 2010; based upon the foregoing reasons,

IT IS ORDERED that the Plaintiffs' claim under Pennsylvania law against Defendants Ray and Greenfield individually for alleged malicious prosecution be, and hereby is, DISMISSED WITHOUT PREJUDICE and the within matter shall be marked CLOSED.

                                        s/      Sean J. McLaughlin
                                                SEAN J. McLAUGHLIN
                                                United States District Judge

cc:    All counsel of record.